UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Gretchen Graham,**

      **Plaintiff,**

-V-                                                       Case No. 2:05-CV-0188
                                                              JUDGE SMITH
                                                              Magistrate Judge Kemp

**FAF Transport, Inc.,** *et al.***,**

      **Defendants.**

### **ORDER**

      This matter is before the Court on Defendant FAF Transport, Inc.'s Motion to Stay All Proceedings (Doc. 13).  Plaintiff filed a Memorandum in Opposition to Defendant's Motion (Doc. 14).  Plaintiff initiated this action against FAF alleging wrongful discharge in violation of Ohio public policy based upon her filing a report with the FAA.  Plaintiff has also alleged a count of tortious interference with a business relationship against FAF.  Plaintiff also alleges a separate count of tortious interference with a business relationship against Defendant Delta Airlines, Inc. for any role it played in her termination.

      Defendant Delta has since filed for Chapter 11 bankruptcy protection and filed a notice of automatic stay with this Court.  (Doc. 11).  Defendant FAF asserts that Plaintiff's claims against them are dependent on Delta's alleged conduct.  Further, FAF argues that proceeding with the case through a trial is inefficient, wasteful, risks undue prejudice to the defendants, and creates an unnecessary risk of multiple trials regarding the same set of operative facts, as well as the possibility of inconsistent results.  Plaintiff, however, argues that her claims against FAF are

wholly independent of her claims against Delta.  Further, Plaintiff argues that FAF has failed to show any "unusual circumstances" warranting an extension of Delta's automatic stay.

The purpose of an automatic stay under 11 U.S.C. § 362 is to protect the debtor from an "uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts..." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).  The Court has inherent discretion to order a stay of proceedings and will not be disturbed absent a showing of an abuse of discretion.  *See State ex rel. Verhovec v. Mascio*, 81 Ohio St. 3d 334, 336 (1998).  In exercising this power, courts have extended the automatic stay to solvent co-defendants where the plaintiff's claims are inextricably interwoven with claims against the debtor.  *See Stoller v. Baldwin-United Corp.*, 41 B.R. 884, 891 (D.C. Ohio 1984).

In determining whether to issue a stay, the Court must balance the interests of all the parties.  While the Court recognizes Plaintiff's interest in a quick resolution and uninterrupted progression of this case, there is a public interest in judicial economy and fundamental fairness.  The Court believes that the interests of the public outweigh those of the Plaintiff.  It would not be efficient for the Court to proceed with litigation of this case, dealing with discovery issues, ruling on motions, and even holding a trial between Plaintiff and FAF, and then repeating the same litigation between Plaintiff and Delta.  Therefore, this case should be stayed to ensure judicial economy.

Defendant FAF's Motion to Stay All Proceedings is granted until Plaintiff's claim against Delta is properly assessed in Bankruptcy Court.  The parties shall inform the Court upon the resolution of the bankruptcy proceedings so this case may proceed to trial.

The Clerk shall remove Doc. 13 from the Court's pending motions list.

**IT IS SO ORDERED.**

 **/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**